## Baltes v. Foster

*Ronald M. Bugaj,* for plaintiffs.
*Anthony J. Magnotta,* for defendant.

THOMSON, *P.J.,* November 9, 1994—This case arises out of plaintiffs' appeal from a decision of a board of arbitrators on March 2, 1994, finding in favor of the defendants. This court held a non-jury trial on September 21, 1994, during which the parties stipulated to the admission of 10 documents into evidence. During said trial, we heard the testimony of one witness, Barbara Ridd, a mortgage representative from Wayne County Bank.

## FINDINGS OF FACT

(1) The plaintiffs, Michael Baltes and Kathy Baltes, are adult individuals residing at RR 1, Box 353, Hawley, Pike County, Pennsylvania 18428.

(2) The defendants, William Foster and Pam Foster, are adult individuals residing at HC 1, Box 199A, Paupack, Pike County, Pennsylvania 18451.

(3) On or about May 18, 1992, the parties entered into an agreement for the sale of real estate, whereby the defendants agreed to sell and the plaintiffs agreed to purchase certain real estate located in Paupack Heights, Palmyra Township, Pike County, Pennsylvania.

(4) Plaintiffs paid the defendants a deposit in the amount of $10,200, pursuant to the sale agreement.

(5) The sale agreement contained a mortgage contingency.

(6) Wayne County Bank and Trust Company's mortgage commitment letter set forth a requirement that plaintiffs obtain fire insurance coverage in the amount of $76,400.

(7) The defendants had insurance coverage on the subject property through State Farm Insurance Agency in the amount of $110,000.

(8) By letter of July 7, 1992, Allstate Insurance Company contended that, due to certain conditions on the subject property, they would be unable to insure the property.

(9) The existing State Farm homeowners policy of the defendants could have been transferred to the plaintiffs so as to satisfy the mortgage contingency.

(10) Plaintiffs made no other attempts to procure insurance, except through Allstate Insurance Company.

(11) Defendants were ready, willing and able to close the real estate transaction on July 15, 1992.

(12) The real estate transaction was never closed because plaintiffs claimed that they were unable to procure the required insurance.

## DISCUSSION

Plaintiffs contend that they could not obtain insurance and as a result, are entitled to the return of their deposit money.

Paragraph 4(C)(4)(c) of the agreement for the sale of real estate provides as follows:

"In the event ... the mortgage commitment contains any other condition not specified in this agreement which the *buyer is unable to satisfy* by the date of settlement, the buyer shall not be required to purchase the property and all deposit monies paid on account shall be returned to the buyer." (emphasis added)

Plaintiffs, the buyers, have not proven that they were unable to satisfy the "condition not specified," the insurance requirement. The existing homeowners policy of the defendants would have been acceptable to Wayne County Bank and Trust Company. The record lacks evidence that the plaintiffs attempted to obtain insurance through any insurance company besides Allstate. Defendants were ready, willing and able to close the real estate transaction. Thus, we find that the subject property was insurable, and the plaintiffs failed in good faith to procure

insurance, and that the plaintiffs are not entitled to a return of their deposit monies.

## ORDER

And now, November 9, 1994, after a non-jury trial in this matter, judgment is for defendants and against plaintiffs in the amount of $10,200 plus interest and costs.